UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONKA PAJO CROW,

        Petitioner,

                                    CASE NO. 04-CV-40365-FL

v.                                    JUDGE PAUL V. GADOLA

                                    MAGISTRATE JUDGE PAUL KOMIVES

HARVEY G. LAPPIN,

        Respondent.
_____/

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Background*

Petitioner Tonka Pajo Crow, a federal prisoner currently incarcerated at the Federal Correctional Institution in Milan, Michigan, brings this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prison's (BOP) calculation of his good time credits. Petitioner's application presents purely legal issues, and the facts are not disputed by the parties.

Petitioner was convicted, pursuant to his guilty plea in the United States District Court for the District of Minnesota, of one count of possession of a firearm by a convicted felon. *See* 18 U.S.C. § 922(g)(1). On January 8, 2001, petitioner was sentenced to a term of 120 months' imprisonment, to be followed by a three year term of supervised release. *See* Gov't's Br. in Resp.

to Pet., Ex. 1. On July 7, 2004, petitioner filed an Inmate Request for Administrative Remedy with the Warden, protesting the BOP's calculation of his good time credit. Petitioner claimed that he was receiving only 47 days credit for each year of the sentence, rather than the 54 days per year to which he is statutorily entitled. The Warden denied petitioner's Request on July 19, 2004, concluding that the good time credit calculation was consistent with the applicable statute and BOP regulation. *See id.*, Ex. 3. Petitioner filed a Regional Administrative Remedy Appeal which was denied by the Regional Director on August 16, 2004, *see id.*, Ex. 4, and a Central Office Administrative Remedy Appeal which was denied by the Administrator of National Inmate Appeals on November 9, 2004.

On December 15, 2004, petitioner filed this application for the writ of habeas corpus. Petitioner contends that the BOP's calculation of good time credits violates 18 U.S.C. § 3624(b), the statute governing good time credits, because the statute requires credit be given based on the term of imprisonment imposed, not on the actual time which is to be served by the prisoner. Petitioner contends that the BOP's calculation violates the plain terms of the statute, that his interpretation of the statute is supported by the legislative history, and that even if the statute is ambiguous the rule of lenity requires the Court to adopt his construction of the statute. Respondent filed an answer to the petition on February 24, 2005. Respondent contends that the BOP's interpretation of the statute is consistent with the terms of the statute, and that if the statute is ambiguous the BOP's interpretation is entitled to deference under *Chevron U.S.A. Inc. v. National Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

B.   *Analysis*

Petitioner's claim requires the Court to determine the proper meaning of 18 U.S.C. § 3624(b), which in relevant part provides:

> Subject to paragraph (2), a prisoner serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during the year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1).

Petitioner contends that the plain language of this statute requires the crediting of 54 days per each year of the complete "term of imprisonment" imposed by the sentencing court. Put simply, petitioner contends that under the statute the BOP should simply multiply the number of years imposed by 54 days, and subtract that number of days from his sentence. Thus, in petitioner's case, he would be entitled to 540 days of credit, to be subtracted from his 120 month sentence.

The BOP takes a different view of the statute. In the BOP's view, "pursuant to 18 U.S.C. § 3624(b) . . . an inmate earns 54 days credit toward service of sentence (good time credit) for each year *served*." 28 C.F.R. § 523.20 (emphasis added). Thus, the BOP awards good time credits at the end of each complete year served, and prorates the amount of credit when the sentence ends in a partial year. This results, as a general matter, in a prisoner receiving about 47 days of credit for each year of the sentence imposed, although he will still receive 54 days credit (or the prorated equivalent) for each year (or partial year) actually served. Put more simply, the BOP does not give credit for the portion of the sentence that is not actually served by the prisoner due to the accumulation of good time credits. Petitioner argues that this interpretation conflicts with the plain language of § 3624(b) and, even if the statute is ambiguous, the BOP's determination is not entitled to deference and the rule of lenity compels his interpretation.

3

Although some district courts have accepted arguments similar to those made by petitioner here, every Court of Appeals that has considered the question, including the Sixth Circuit, has held that the BOP's interpretation of the statute is permissible. *See James v. Outlaw*, ___ Fed. Appx. ___, 2005 WL 677769 (8th Cir. Mar. 24, 2004); *Sample v. Morrison*, ___ F.3d ___, 2005 WL 775816 (5th Cir. Mar. 22, 2005); *O'Donald v. Johns*, 402 F.3d 172 (3d Cir. 2005) (per curiam); *Perez-Olivo*, 394 F.3d 45 (1st Cir. 2005); *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004); *Brown v. Hemingway*, 53 Fed. Appx. 338 (6th Cir. 2002); *Pacheco-Camacho*, 272 F.3d 1266 (9th Cir. 2001); *Williams v. Lamanna*, 20 Fed. Appx. 360 (6th Cir. 2001). For the reasons explained in these decisions, the Court should reject petitioner's arguments and conclude that the BOP's interpretation of the statute is permissible.

  1. *The Statute is Ambiguous*

Petitioner argues that the plain language of § 3624(b)(1) is unambiguous, and requires that the BOP award him good time credit for the entirety of the term imposed by the court. By its terms, the statute refers to a "term of imprisonment," petitioner argues, and term of imprisonment is commonly understood to refer to the term imposed by the court, regardless of whether actually served. Petitioner also contends that the legislative history supports this construction. The Court should disagree.

Contrary to petitioner's argument, the statute does not unambiguously direct the BOP to give good time credit for each year of the sentence imposed, regardless of the actual time served. First, "the phrase 'term of imprisonment' is used inconsistently throughout 18 U.S.C. § 3624." *Perez-Olivo*, 394 F.3d at 49. For instance, in § 3624(a) the statute directs the BOP to release the prisoner "on the date of the expiration of the prisoner's term of imprisonment, less any time credited toward

the service of the prisoner's sentence." 18 U.S.C. § 3624(a). As used in subsection (a), "term of imprisonment" clearly means the sentence imposed by the Court; no other reading would make sense of the statute. In § 3624(d), however, the BOP is direct to furnish a prisoner with clothing, money, and transportation "[u]pon the release of a prisoner on the expiration of the prisoner's term of imprisonment." 18 U.S.C. § 3624(d). Adopting petitioner's construction, and the same definition of "term of imprisonment" as used in § 3624(a), would lead to an absurd result in the context of § 3624(d), allowing the BOP to delay the provision of the items specified therein by perhaps several years after the actual release date. Thus, in the context of § 3624(d), "term of imprisonment must mean "time served." *See Perez-Olivo*, 394 F.3d at 49.

Further, even within § 3624(b), the phrase "term of imprisonment" is used inconsistently. In the first sentence of subsection (b)(1) the phrase seems to refer to the sentence imposed, while in the final sentence of the subsection–referring to the calculation of good time credits for the last year of the "term"–the phrase can have no other meaning than "time served," lest the BOP continue to calculate good time credits for prisoners who have been released. Given the inconsistent use of the phrase "term of imprisonment" throughout the statute, it cannot be said to be unambiguous. *See O'Donald*, 402 F.3d at 174; *White*, 390 F.3d at 1002; *Pacheco-Camacho*, 272 F.3d at 1268-69.

In addition, the purpose of the statute is not served by adopting petitioner's construction of the statute. As the Third Circuit explained:

> As an inmate earns [good time credits] each year, his overall time served is reduced. To calculate [good time credits] based on the sentence imposed would allow an inmate to earn [good time credits] for time he was not actually incarcerated. This unseemly result would frustrate the process and militates against finding that the phrase "term of imprisonment" unambiguously refers to the sentence imposed.

*O'Donald*, 402 F.3d at 174 (citation omitted); *White*, 390 F.3d at 1002-03. Finally, contrary to

petitioner's argument, the legislative history of the statute does not shed any light on the issue. *See Perez-Olivo*, 394 F.3d at 50-51; *Pacheco-Camacho*, 272 F.3d at 1269-70.

For these reasons, the Court should conclude, as have all the Courts of Appeals that have considered the issue, that "§ 3624(b) is ambiguous because it does not clearly indicate whether a prisoner's good time credits are based on the time served in prison or the sentence imposed." *James*, ___ Fed. Appx. at ___, 2005 WL 677769, at *1; *see also*, *Sample*, ___ F.3d at ___, 2005 WL 775816, at *2; *O'Donald*, 402 F.3d at 174; *Perez-Olivo*, 394 F.3d at 52; *White*, 390 F.3d at 1002; *Pacheco-Camacho*, 272 F.3d at 1270.

      2.      *The BOP's Construction is Permissible*

In *Chevron, U.S.A., Inc. v. Natural Resources Defense Council*, 467 U.S. 837 (1984), the Supreme Court held that "considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to administer." *Id.* at 844. Of course, if the statute is clear, a court must give effect to the statutory language regardless of any agency interpretation. *See id.* at 842-43. However where, as here, "the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. It is true that not all agency interpretations are entitled to the full level of deference suggested by *Chevron*. As the Court has explained, *Chevron* deference is limited to those cases where "it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation was promulgated in the exercise of that authority." *United States v. Mead Corp.*, 533 U.S. 218, 227 (2001). Here, the BOP's construction of the statute was promulgated pursuant to notice-and-comment rulemaking, *see* 28 C.F.R. § 523.20; 62 Fed. Reg. 50,786 (Sept. 27, 1997), and the BOP clearly has authority to make

rules enforcing the statute. Thus, the BOP's construction of § 3624(b) is entitled to full *Chevron* deference. *See Perez-Olivo*, 394 F.3d at 52; *White*, 390 F.3d at 1000-01; *Pacheco-Camacho*, 272 F.3d at 1270.

As noted above, because the BOP's construction of § 3624(b) is entitled to *Chevron* deference, the Court must defer to the BOP's construction so long as it is "reasonable." *Chevron*, 467 U.S. at 844. To find the BOP's construction "reasonable," the Court "need not conclude that the agency construction was the only one it permissibly could have adopted . . . or even the reading [the court] would have reached if the question initially had arisen in a judicial proceeding." *Id*. at 843 n.11. All that is required is that the chosen interpretation be reasonable. *See Barnhart v. Thomas*, 540 U.S. 20, 29 (2003).

Here, several factors support the reasonableness of the BOP's construction of § 3624(b). First, the statute itself directs the BOP to award good time credit for each year of service "at the end of each year." 18 U.S.C. § 3624(b)(1). "This is a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP to award [good time credit] for time served." *Perez-Olivo*, 394 F.3d at 53. Second, the statute directs the BOP to award good time credit only if the prisoner has "displayed exemplary compliance with institutional disciplinary regulations," 18 U.S.C. § 3624(b)(1), evidencing "Congress' clear intent that the BOP evaluate a prisoner's conduct during his time in prison, making it reasonable for the BOP to require that time actually be served in order for the conduct during that time to be evaluated." *Perez-Olivo*, 394 F.3d at 53. Third, an interpretation contrary to the BOP's interpretation would lead to an absurd result, allowing "an inmate to receive credit for good time conduct in prison for time–perhaps several years of time–that he was not in prison." *White*, 390 F.3d

at 1002; *see also*, *Pacheco-Camacho*, 272 F.3d at 1270-71.

In short, "the BOP's interpretation comports with the language of the statute, effectuates the statutory design, establishes a 'fair prorating scheme,' enables inmates to calculate the time they must serve with reasonable certainty, and prevents certain inmates from earning [good time credit] for time during which they were not incarcerated." *O'Donald*, 402 F.3d at 174. For these reasons, the Court should adopt the uniform consensus of the Courts of Appeals that have considered the issue and conclude that the BOP's interpretation of the statute is reasonable, and therefore binding under *Chevron*. *See Sample*, ___ F.3d at ___, 2005 WL 775816, at *2; *James*, ___ Fed. Appx. at ___, 2005 WL 677769, at *1; *O'Donald*, 402 F.3d at 174; *Perez-Olivo*, 394 F.3d at 53; *White*, 390 F.3d at 1002-03; *Brown*, 53 Fed. Appx. at 339; *Pacheco-Camacho*, 272 F.3d at 1270-71.

3.      *The Rule of Lenity is Inapplicable*

Finally, petitioner contends that even if the statute is ambiguous, the rule of lenity requires the Court to adopt his construction of the statute. The Court should disagree.

The rule of lenity provides that "'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.'" *United States v. Bass*, 404 U.S. 336, 347 (1971) (quoting *Rewis v. United States*, 401 U.S. 808, 812 (1971)). The rule of lenity is premised on two principles: first, the criminal law should give fair warning of the scope of its prohibitions, and second, it is the role of the legislature, and not the courts, to define the scope of criminal law. *See id.* at 348. As the Court has explained, the rule of lenity applies to interpretation of both substantive criminal prohibitions and the penalties they impose. *See Albernaz v. United States*, 450 U.S. 333, 342 (1981); *Bifulco v. United States*, 447 U.S. 381, 387 (1980). The Court should conclude that the rule of lenity is not applicable here, for two reasons.

First, § 3624(b)(1) is not a criminal statute to which the rule of lenity applies. The statute neither establishes a criminal offense, nor imposes any punishment for a violation of the criminal law. Where the law at issue is not a criminal law and does not impose criminal liability, the rule of lenity is inapplicable. *See Cook v. Wiley*, 208 F.3d 1314, 1320 n.7 (11th Cir. 2000). Because § 3624(b)(1) is not a criminal statute, the rule of lenity does not apply. *See Perez-Olivo*, 394 F.3d at 53.[1]

Second, "[t]he rule of lenity . . . applies only when, after consulting traditional canons of statutory construction, [the court] is left with an ambiguous statute." *United States v. Shabani*, 513 U.S. 10, 16 (1994); *see also*, *Reno v. Koray*, 515 U.S. 50, 65 (1995). Thus, "[t]he rule of lenity . . . does not prevent an agency from resolving statutory ambiguity through a valid regulation. In such a case, the regulation gives the public sufficient warning to ensure that nobody mistakes the ambit of the law or its penalties." *Pacheco-Camacho*, 272 F.3d at 1271-72 (citation omitted) (citing *Babbitt v. Sweet Home Chapter of Communities*, 515 U.S. 687, 704 n.18 (1995)); *see also*, *Lopez v. Davis*, 531 U.S. 230, 244 n.7 (2001) (rejecting claim that rule of lenity precluded BOP's construction of a statute it was charged with administering, noting that "[b]ecause . . . the statute cannot be read to prohibit the Bureau from exercising its discretion categorically or on the basis of

---

[1] For this reason, petitioner's reliance on Justice Scalia's concurring opinion in *Crandon v. United States*, 494 U.S. 152 (1990), is misplaced. In that case, Justice Scalia concluded that *Chevron* deference is inapplicable to a criminal statute, explaining that "[t]he law in question, a criminal statute, is not administered by any agency but by the courts." *Id*. at 177. Even assuming that Justice Scalia's view of the matter represents a correct statement of the controlling law–a doubtful proposition in light of the cases discussed in the paragraph which follows–it is inapplicable here because § 3624(b)(1) is not a criminal law to be administered by the courts, but a law directing the Bureau of Prisons to award and calculate good time credits. Justice Scalia's view in *Crandon* is therefore inapposite. *See Sash v. Zenk*, 344 F. Supp. 2d 376, 382 (E.D.N.Y. 2004).

preconviction conduct, [the prisoner's] reliance on the rule is unavailing."). Further, the rule of lenity "does not supplant *Chevron* deference merely because a seemingly harsh outcome may result from the [agency's] interpretation." *Amador-Palomares v. Ashcroft*, 382 F.3d 864, 868 (8th Cir. 2004). Here, "[t]o the extent that there is any ambiguity in section 3624(b), the BOP has resolved it through a reasonable interpretation, and the rule of lenity does not apply." *Pacheco-Camacho*, 272 F.3d at 1272; *see also*, *O'Donald*, 402 F.3d at 174; *Perez-Olivo*, 394 F.3d at 53-54.

C.      *Conclusion*

In view of the foregoing, the Court should conclude that § 3624(b)(1) is ambiguous, and that the BOP's construction of that statute is reasonable and therefore entitled to deference under *Chevron*. The Court should also conclude that the rule of lenity is inapplicable. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/Paul J. Komives
                                          PAUL J. KOMIVES
                                          UNITED STATES MAGISTRATE JUDGE

Dated: April 29, 2005